**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-6908**

JEFFERY R. BELL,

    Plaintiff - Appellant,

  v.

C. K. LANDRESS, Floor Deputy,

    Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, District Judge.  (1:17-cv-00657-AJT-IDD)

Submitted:  November 30, 2017      Decided:  January 11, 2018

Before WILKINSON, TRAXLER, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jeffery R. Bell, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Jeffery R. Bell, an inmate at the Virginia Beach Correctional Center, appeals the district court's dismissal, pursuant to 28 U.S.C. § 1915A(b)(1) (2012), of his 42 U.S.C. § 1983 (2012) excessive force claim against Deputy Landress. Bell alleged that Landress unnecessarily slammed Bell's hand and arm in the food tray slot of Bell's cell and repeatedly sprayed him in the face with pepper spray after Bell asked to speak to a supervisor. Bell attached to his complaint an incident report written by Landress. The district court held that because the report was attached to the complaint, the factual statements in the report must be taken as true for purposes of determining whether the complaint satisfied the Fed. R. Civ. P. 12(b)(6) standard. Taking the report as true, the court found that Bell failed to state a claim of excessive force and dismissed the complaint. We vacate and remand.

"[I]f a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Goines v. Valley Cmty. Services Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (internal quotation marks omitted). The "exhibit-prevails" rule is based on "the presumption that the plaintiff, by basing his claim on the attached document, has adopted as true the contents of that document." *Id.* at 167. However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Id.* "[I]n cases where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.* "The

2

purpose for which the document is offered is particularly important where the document is one prepared by or for the defendant. Such unilateral documents may reflect the defendant's version of contested events or contain self-serving, exculpatory statements that are unlikely to have been adopted by the plaintiff." *Id.* at 168.

Upon review of the complaint, and given the nature of the report, we conclude that Bell did not rely on the report to form the basis for his claim, and did not adopt the report as true by attaching it to his complaint. *Id.* Accordingly, the district court erred by treating the report as true rather than as a document that reflected Landress' view of the relevant events. Because the district court's determination that Bell's complaint failed to state a claim was based on the report, we vacate the order dismissing the complaint and remand the case to the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*